IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| GLU MOBILE INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 6:20-cv-01157 |
| REWORKS OY, | § § | JURY TRIAL DEMANDED |
| Defendant. | § § § | |

**PLAINTIFF GLU INCORPORATED'S
COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Glu Mobile Inc. ("Glu"), by and through its undersigned attorneys, files this Complaint for Patent Infringement against Reworks Oy ("Reworks"), and alleges as follows:

**NATURE OF THE ACTION**

1. This action seeks legal and equitable relief against Reworks' unlawful infringement of Glu's United States Patent No. 10,504,297 (the "'297 Patent") which generally relates to systems and methods for providing competitive scene completion in an application, such as a mobile gaming application.

**PARTIES**

2. Glu Mobile Inc. is a Delaware corporation with its principal place of business at 875 Howard Street, Suite 100, San Francisco, CA 94103.

3. On information and belief, Reworks Oy is a Finnish corporation having a corporate headquarters at Runeberginkatu 5, 00100 Helsinki, Finland.

1

## JURISDICTION AND VENUE

4. This is a civil action that arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 271 and 281. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

5. The Court has personal jurisdiction over Reworks because, on information and belief, (1) Reworks has done and continues to do business in Texas and the Western District of Texas, and (2) Reworks has committed and continues to commit acts of patent infringement in the State of Texas, including making, using, offering to sell, and/or selling accused products in the Western District of Texas, inducing others to commit acts of patent infringement in Texas, and/or committing at least a portion of any other infringement alleged herein, and (3) Reworks has solicited business in the State of Texas, transacted business within the State of Texas, and/or attempted to derive financial remuneration from residents of the State of Texas and the residents of this District, including benefits directly related to infringement of the '297 Patent. Exercising personal jurisdiction over Reworks in this lawsuit comports with due process and traditional notions of fair play and substantial justice.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c)(3) because Reworks is not resident in the United States and thus may be sued in any judicial district in the United States, including this District. Venue is also proper under 28 U.S.C. § 1391(b)(2) because Reworks sells and offers to sell products and services throughout the United States, including in this District, and introduces products and services into the stream of commerce knowing that the products and services would be sold in this District and elsewhere in the United States.

**FACTS**

7. Glu is a leading developer and publisher of mobile games. With a history spanning almost two decades, Glu's mission is rooted in fostering creativity to deliver world-class interactive experiences for its players.

8. Founded in 2001, Glu's diverse portfolio features top-grossing and award-winning original and licensed IP titles, including Design Home—a relaxing and engaging game that allows players to live the life of an interior decorator from the comfort of home or on the go.

9. Design Home players sharpen their decorating skills through daily Design Challenges that allow players to style visually stunning 3D spaces. Players improve their design skills and can gain inspiration that they can apply to their real life design projects.

10. Glu has devoted substantial time, effort, and resources to the development and promotion of the technology and gameplay behind Design Home. Glu has filed multiple patent applications directed to that technology, including the application that resulted in the '297 Patent.

**The Issuance and Ownership of the Patents-in-Suit**

11. On December 10, 2019, U.S. Patent No. 10,504,297, titled "Systems and Methods for Competitive Scene Completion in an Application" was duly and legally issued by the U.S. Patent and Trademark Office, listing inventors Scott Cuthbertson, Barlow Gilmore, Martin Robaszewski, Brandon Jones, Jakub Fiedorowicz, Christianne Amodio, Ngan Vu, Chris McGill, Chris Hosking, Jeff Tseng, and Jose Estuardo Avila. A true and correct copy of the '297 Patent is attached hereto as Exhibit 1.

12. Plaintiff Glu is the owner and assignee of the '297 Patent and possesses all rights, title, and interest in the '297 Patent including the right to sue for infringement.

## CAUSE OF ACTION

### Patent Infringement of the '297 Patent

13. Glu incorporates by reference and realleges Paragraphs 1-12 of its Complaint, as though fully set forth herein.

14. Glu is the owner of all right, title, and interest in and to the '297 Patent.

15. As the owner of the '297 Patent, Glu is authorized and has standing to bring legal action to enforce all rights arising under the '297 Patent.

16. The '297 Patent is presumed valid pursuant to 35 U.S.C. § 282.

17. Reworks is not authorized to make, use, sell, offer to sell, or import any product or service that is covered by the claims of the '297 Patent.

18. On information and belief, Reworks owns, operates, advertises, and/or controls the website https://reworks.fi/, through which Reworks advertises, sells, offers to sell, and provides, and/or educates customers about its products and services, including but not limited to Reworks' Redecor mobile game application (the "Accused Product").

19. On information and belief, Reworks' development and launch of the Accused Product was done with the purpose of trading off of the goodwill and interest developed by Glu's Design Home game in the marketplace. Reworks' founder was quoted as stating that "Glu Mobile has been the category's lonely rider" and that "[k]nowing the global popularity of home decor, we believe there is demand for a next-generation home decor game. That's exactly where Redecor

will strike."[1] Furthermore, Reworks' website previously touted that it was able to "raise[] $1.5 m[illion] in funding . . . to challenge Glu Mobile's Design Home."[2]

20. On information and belief, Reworks, without authorization or license from Glu, has infringed and will continue to infringe, either literally or under the doctrine of equivalents, claims of the '297 Patent in violation of 35 U.S.C. § 271, by making, using, selling, offering to sell, or imports the Accused Product. Reworks' Accused Product has infringed and continues to infringe, one or more claims of the '297 Patent, including at least Claim 1, reproduced below:

1. A method, comprising:

   at a client device comprising a display, one or more processors and memory:

   in an application running on the client device associated with a first user:

   providing the first user with one or more affordances, each affordance in the one or more affordances corresponding to a different respective challenge in a set of one or more challenges, each challenge in the set of one or more challenges comprising: (i) an image of a respective initial scene and (ii) an independent first plurality of markers, each marker in the independent first plurality of markers having a different designated set of coordinates within the respective scene and corresponding to a furnishing unit type within a plurality of furnishing unit types;

   responsive to selection of a first affordance in the one or more affordances, displaying the image of the respective initial scene and displaying as an overlay on the image the first plurality of markers of a first challenge in the one or more challenges that corresponds to the first affordance;

   for each sequential user selection of a first plurality of user selections on the image, of a respective marker in the first plurality of markers of the first challenge, the respective marker having a designated set of coordinates on the image, performing a first procedure that comprises:

   displaying a first plurality of virtual furnishing units corresponding to the respective marker, wherein the first plurality of furnishing units comprises renditions of actual furnishing units provided by one or more vendors, and

---

[1] https://web.archive.org/web/20200808032823/https://www.pocketgamer.biz/news/70149/helsinki-start-up-reworks-raises-15m-in-funding/ (last visited Dec. 17, 2020).
[2] https://web.archive.org/web/20200628053053/https://www.redecor.com/about (last visited Dec. 17, 2020).

wherein the first plurality of furnishing units includes (i) one or more first virtual furnishing units retained by the first user that match the furnishing unit type of the respective marker and (ii) one or more second virtual furnishing units not retained by the first user that match the furnishing unit type of the respective marker, wherein the displaying further comprises removing from display any virtual furnishing units that do not match the furnishing unit type of the respective marker;

receiving a user selection of a selected virtual furnishing unit in the first plurality of virtual furnishing units; and

responsive to the user selection, (i) displaying a three-dimensional graphic of the selected virtual furnishing unit at the different designated set of coordinates within the respective initial scene and (ii) removing the respective marker at the designated set of coordinates from the respective scene, wherein the performing the first procedure populates the respective initial scene with a first plurality of three-dimensional graphics, including displaying each respective three-dimensional graphic in the first plurality of three-dimensional graphics at the corresponding designated set of coordinates belonging to a different marker in the independent first plurality of markers, thereby creating a respective augmented scene;

storing a user profile for the first user, wherein the user profile comprises (i) an indication of the image of the respective initial scene for the first challenge, (ii) the first plurality of markers, (iii) the coordinates corresponding to each of the first plurality of markers, and (iv) the selected virtual furnishing unit corresponding to the respective marker;

in accordance with a determination that a predefined subset of the first plurality of markers within the respective initial scene has been populated with respective virtual furnishing units and that a criterion provided with a virtual currency based on furnishing units is satisfied, using the user profile to enable the first user to submit the respective augmented scene with the first plurality of three-dimensional graphics to a remote server;

responsive to submitting the respective augmented scene with the first plurality of three-dimensional graphics, (i) communicating to the remote server an identification of the user selection of virtual furnishing units for the first challenge and (ii) providing the first user a first reward;

receiving from the remote server a first community vote on the submitted respective augmented scene with the first plurality of three-dimensional graphics; and

notifying the first user of the first community vote on the submitted respective augmented scene with the first plurality of three-dimensional graphics.

6

21. For example, the Accused Product is programmed to perform a method "at a client device comprising a display, one or more processors and memory" "in an application running on the client device associated with a first user," at least because the Accused Product is a mobile gaming application available for use on iOS and Android enabled devices and available through the Apple App Store and Google Play.

22. The Accused Product is also programmed to perform a method that "provid[es] the first user with one or more affordances, each affordance in the one or more affordances corresponding to a different respective challenge in a set of one or more challenges," at least because the Accused Product is programmed to provide the user with a set of affordances corresponding to challenges, including individual challenges such as such as "Keep Calm & Come to Bed" and "Calypso's Terrace" challenge affordances.



23. Each of the challenges provided to the first user in the set of one or more challenges comprises: "(i) an image of a respective initial scene and (ii) an independent first plurality of markers, each marker in the independent first plurality of markers having a different designated set of coordinates within the respective initial scene and corresponding to a furnishing unit type within a plurality of furnishing unit types." The Accused Product is further programmed to, "responsive to selection of a first affordance in the one or more affordances, display[] the image of the respective initial scene and display as an overlay on the image the first plurality of markers of a first challenge in the one or more challenges that corresponds to the first



affordance," at least because, responsive to selection of an affordance corresponding to a challenge such as "Calypso's Terrace," the Accused Product will display the image of an initial scene and display as an overlay on the image a plurality of markers corresponding to that challenge.

24. Further, "for each sequential user selection of a first plurality of user selections on the image, of a respective marker in the first plurality of markers of the first challenge, the respective marker having a designated set of coordinates on the image," the Accused Product "perform[s] a first procedure that comprises[] displaying a first plurality of virtual furnishing units corresponding to the respective marker, wherein the first plurality of furnishing units comprises renditions of actual furnishing units provided by one or more vendors, and wherein the first plurality of furnishing units includes (i) one or more first virtual furnishing units retained by the first user that match the furnishing unit type of the respective marker and (ii) one or more second virtual furnishing units not retained by the first user that match the furnishing unit type of the respective marker, wherein the displaying further comprises removing from display any virtual furnishing units that do not match the furnishing unit type of the respective marker."  For example, in the "Calypso's Terrace" challenge, a user selecting the "Eden Cotton Furniture" marker is displayed with a plurality of "Eden Cotton Furniture Fabrics," i.e. a plurality of furnishing units, including units retained by the user and not retained by the user, and any virtual furnishing units that do not match the "Eden Cotton Furniture" type are not displayed.

25. For each sequential user selection of a first plurality of user selections on the image, of a respective marker in the first plurality of markers of the first challenge, the respective marker having a designated set of coordinates on the image, the Accused Product performs a first procedure that further comprises "receiving a user selection of a selected virtual furnishing unit in the first plurality of virtual furnishing units; and responsive to the user selection, (i) displaying a three-dimensional graphic of the selected virtual furnishing unit at the  different designated set of coordinates within the respective initial scene and (ii) removing the respective marker at the designated set of coordinates from the respective initial scene." For example, in the "Calypso's Terrace" challenge, a user selecting a furnishing unit corresponding to the "Eden Cotton Furniture" will be displayed a three-dimensional graphic of the selected "Eden Cotton Furniture" furnishing unit and the respective marker at the designated set of coordinates for the "Eden Cotton Furniture" designated marker from the "Calypso's Terrace" initial scene has already been removed when the user selected the "Eden Cotton Furniture" furnishing unit.

26. The Accused Product is further programmed so that "performing the first procedure populates the respective initial scene with a first plurality of three-dimensional graphics, including displaying each respective three-dimensional graphic in the first plurality of three-dimensional graphics at the corresponding designated set of coordinates belonging to a different marker in the independent first plurality of markers, thereby creating a respective augmented scene." For example, by performing the first procedure in the "Calypso's Terrace" challenge, the initial 

scene is populated with a first plurality of three-dimensional graphics, displayed at their corresponding designated sets of coordinates, resulting in an augmented scene populated responsive to the performance of the first procedure.

27.     The Accused Product is further programmed to "stor[e] a user profile for the first user, wherein the user profile comprises (i) an indication of the image of the respective initial scene for the first challenge, (ii) the first plurality of markers, (iii) the coordinates corresponding to each of the first plurality of markers, and (iv) the selected virtual furnishing unit corresponding to the respective marker."  For example, after completing the "Calypso's Terrance" challenge, the user's profile is updated to include an indication of the image of the completed scene including the selected virtual furnishing units  selected by the user and placed at the coordinates corresponding to the plurality of markers displayed for the initial scene of the "Calypso's Terrance" challenge.

28.     The Accused Product is further programmed, "in accordance with a determination that a predefined subset of the first plurality of markers within the respective initial scene has been populated with respective virtual furnishing units and that a criterion provided with a virtual currency based on furnishing units is satisfied," to "us[e] the user profile to enable the first user to

submit the respective augmented scene with the first plurality of three-dimensional graphics to a remote server" and, "responsive to submitting the respective augmented scene with the first plurality of three-dimensional graphics," to "(i) communicat[e] to the remote server an identification of the user selection of virtual furnishing units for the first challenge and (ii) provid[e] the first user a first reward."  For example, after completing the "Calypso's Terrace" challenge, the user may use their profile to submit their augmented scene to a virtual server to communicate an identification of the user's selection of virtual furnishing units for the "Calypso's Terrace" challenge and provide the user with a reward.



29. The Accused Product is further programmed to "receiv[e] from the remote server a first community vote on the submitted respective augmented scene with the first plurality of three-dimensional graphics" and to "notify[] the first user of the first community vote on the submitted respective augmented scene with the first plurality of three-dimensional graphics."  For example, after voting for the "Calypso's Terrace" challenge has completed, the Accused Product receives the result of the community vote on the user's submitted augmented "Calypso's Terrace" scene and the user is notified of the community vote.



11

30. On information and belief, Reworks has actual knowledge of the '297 Patent and actual knowledge that making, using, selling, or offering to sell the Accused Product constitutes direct infringement of the '297 Patent, or has willfully blinded itself to the infringing nature of its activities, and yet continues its infringing activities.

31. Reworks directs or instructs others to perform, or provides instructions or guidance to others to perform, infringing methods using the Accused Product.

32. Reworks has intentionally induced and continues to induce infringement of one or more claims of the '297 Patent, and has contributed and continues to contribute to others' infringement of one or more claims of the '297 Patent, in this District and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Reworks' customers and players to use the Accused Product in an infringing manner and that have no substantial non-infringing alternatives.

33. Despite knowledge of the '297 Patent, based on information and belief, Reworks' infringement of the '297 Patent has been and will continue to be willful, deliberate, and intentional. Further, Reworks continues to willfully encourage, instruct, enable, and otherwise cause its customers to use its Accused Product in a manner that infringes the '297 Patent.

34. On information and belief, Reworks specifically intends its customers to use its products and services in such a way that infringes the '297 Patent by providing and supporting the Accused Product and instructing its customers on how to use the Accused Product to perform infringing methods of operation, of which there is no substantial non-infringing alternative.

35. As a result of Reworks' infringement of the '297 Patent, Glu has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law, unless Reworks

is permanently enjoined by this Court. Furthermore, the public interest would be served by issuance of an injunction.

36. As a result of Reworks' infringing product and activities, Glu has suffered and will continue to suffer damages in an amount to be determined at trial. Additionally, as a result of the willful and deliberate nature of Reworks' infringing activities, Glu is entitled to a trebling of its actual damages and is entitled to recover its attorneys' fees and costs incurred in prosecuting this action.

## JURY DEMAND

37. Pursuant to Federal Rule of Civil Procedure 38(b), Glu requests a trial by jury on all issues.

## PRAYER

38. For these reasons, Glu asks for a judgment against Reworks that includes the following relief:

(A) A judgment that Reworks has infringed and is infringing the '297 Patent literally and/or under the doctrine of equivalents;

(B) A permanent injunction enjoining Reworks, its owners, affiliates, officers, directors, managers, agents, servants, employees, trainees, and all persons in active concert or participation with it, from continuing to infringe the '297 Patent, including, but not limited to, under 35 U.S.C. § 283;

(C) An award of damages adequate to compensate Glu for Reworks' infringement of the '297 Patent under 35 U.S.C. § 284;

(E) A determination that Reworks' infringement of the '297 Patent has been willful and deliberate;

(F)   A determination that this case is "exceptional" under 35 U.S.C. § 285, thereby entitling Glu to an award of its reasonable attorneys' fees and costs incurred in prosecuting this action;

(G)   An award of treble damages based on the willful and deliberate nature of Reworks' infringement;

(I)   An award of pre- and post-judgment interest on all damages computed;

(J)   An award of costs; and

(K)   Such other relief as this Court deems fair, just, and appropriate.

Dated: December 17, 2020                          Respectfully submitted,

                                             /s/ *Elizabeth M. Chiaviello*
                                            Elizabeth M. Chiaviello
State Bar No. 4088913
*elizabeth.chiaviello@morganlewis.com*

**MORGAN, LEWIS & BOCKIUS LLP**
1000 Louisiana Street, Suite 4000
Houston, Texas 77002-5006
T. 713.890.5000
F. 713.890.5001

Michael J. Lyons
(*pro hac vice* pending)
michael.lyons@morganlewis.com

Ehsun Forghany
(*pro hac vice* pending)
ehsun.forghany@morganlewis.com

**MORGAN, LEWIS & BOCKIUS LLP**
1400 Page Mill Road
Palo Alto, California 94304-1124
T. 650.843.4000
F. 650.843.4001

***Attorneys for Plaintiff Glu Mobile Inc.***