# Exhibit A

**OIKEUSMINISTERIÖ**
**JUSTITIEMINISTERIET**

*Annetaan tiedoksi*

## TIEDOKSIANTOTODISTUS

ASIA/diaarinumero          VN / _2598/2021_

Yllä mainittuun asiaan liittyvä asiakirja liitteineen on annettu tiedoksi

_____

_____

(Nimi /virka-asema, esim. yhtiölle annettaessa tarvittaessa selvennettynä).

Tiedoksiannon vastaanottajalle on samalla annettu jäljennökset asiakirjoista.

Tiedoksiantoaika ja – paikka

_____ _16.3.2021 Espoo_ _____

Tiedoksiannon toimittajan allekirjoitus (haastemies)

_____

Virka-asema, nimen selvennys ja puhelinnumero

_____

Tom Westerberg
haastemies-stämningsman
Länsi-Uudenmaan käräjäoikeus
Västra Nylands tingsrätt
Puh./Tel. 0500 438 041

Syy sijaistiedoksiannon käyttämiseen / este tiedoksiannolle

_____

_____

_____

_____

**REQUEST**
## FOR SERVICE ABROAD OF JUDICIAL OR EXTRA JUDICIAL DOCUMENTS

*DEMANDE*
*AUX FINS DE SIGNIFICATION OU DE NOTIFICATION A L'ETRANGER*
*D'UN ACTE JUDICIARE OU EXTRAJUDICIAIRE*

Oikeusministeriö

0 1. 02. 2021
VN 2538/2021

**Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965**

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matierè civile commerciale, signée à La Hage, le 15 Novembrè 1965.*

| Identity and address of the applicant | Address of receiving authority |
|---|---|
| *Indentité et adresse du requérant* | *Adrese de l'autorité destinataire* |
| **L. Celeste Ingalls****<br>**Crowe Foreign Services**<br>**1020 SW Taylor Street, Suite 240**<br>**Portland, Oregon 97205**<br>**USA**<br>**Email: Lci@foreignservices.com**<br>**Fax Number: 1-503-222-3950** | **Ministry of Justice**<br>**Eteläesplanadi 10**<br>**FIN-00130 Helsinki**<br>**Finland**<br><br>**Tel: +358 (9) 1606 7628 Fax: +358 (9) 1606 7524** |

The undersigned applicant has the honour to transmit - in duplicate - the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.,
(identity and address)

*Le requérant soussigné a l'honneur de faire parvenir - en double exemplaire - a l'autorité destinataire les documents ci-dessous énumérés en la priant conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, savior:*
*(identité et adresse)*

**Reworks Oy**
**Runeberginkatu 5**
**00100 Helsinki, Finland**

☑ (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*
   *a) selon les formes légales (article 5, alinéa premier, lettre a).*

☐ (b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*:
   *b) selon la forme particulière suivante (article 5, alinéa premier, lettre b):*

☐ (c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*.
   *c) le cas échéant, par remise simple (article 5, alinéa 2).*

The authority is requested to return or to have returned to the applicant a copy of the documents - and of the annexes* - with a certificate as provided on the reverse side.

*Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte - et de ses annexes - avec l'attestation figurant au verso.*

**List of documents**
*Enumération des pièces*

Hague "Summary" (2 pages)
*** Summons in a Civil Action
*** Plaintiff Giu Incorporated's Complaint

Done at Portland, Oregon, USA, the 28 day of JAN , 2021.
*Fait à Portland, Oregon, USA, le...*
**Signature and/or stamp.**
*Signature et/ou cachet*

OFFICIAL STAMP
**LYLE CELESTE INGALLS**
NOTARY PUBLIC-OREGON
COMMISSION NO. 971979
MY COMMISSION EXPIRES MARCH 04, 2022

**L. Celeste Ingalls**

*Delete if inappropriate
*Rayer les mentions inutiles*

** **Authorized applicant pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, Public Law 97-462**

*** **With Finnish translation**

## CERTIFICATE
### ATTESTATION

The undersigned authority has the honour to certify, in conformity with Article 6 of the Convention,
L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,

☐ **1. that the document has been served***
que la demande a été exécutée*

| — the (date) / le (date): | |
|---|---|
| — at (place, street, number):<br>à (localité, rue, numéro) : | |

| — in one of the following methods authorised by Article 5:<br>dans une des formes suivantes prévues à l'article 5 : | | |
|---|---|---|
| ☐ | a) | **in accordance with the provisions of sub-paragraph *a*) of the first paragraph of Article 5 of the Convention***<br>selon les formes légales (article 5, alinéa premier, lettre a)* |
| ☐ | b) | **in accordance with the following particular method***:<br>selon la forme particulière suivante* : |
| ☐ | c) | **by delivery to the addressee, if he accepts it voluntarily***<br>par remise simple* |

The documents referred to in the request have been delivered to:
Les documents mentionnés dans la demande ont été remis à :

| **Identity and description of person:**<br>Identité et qualité de la personne : | |
|---|---|
| **Relationship to the addressee (family, business or other):**<br>Liens de parenté, de subordination ou autres, avec le destinataire de l'acte : | |

☐ **2. that the document has not been served, by reason of the following facts***:
que la demande n'a pas été exécutée, en raison des faits suivants*:

| |
|---|
| |

☐ **In conformity with the second paragraph of Article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement***.
Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint*.

***Annexes** / Annexes*

| **Documents returned:**<br>Pièces renvoyées : | |
|---|---|
| **In appropriate cases, documents establishing the service:**<br>Le cas échéant, les documents justificatifs de l'exécution : | |

* if appropriate / s'il y a lieu

| **Done at** / Fait à<br><br>**The** / le | **Signature and/or stamp**<br>Signature et / ou cachet |
|---|---|

## SUMMARY OF THE DOCUMENT TO BE SERVED
*ELEMENTS ESSENTIELS DE L'ACTE*

**Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965**

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires et extrajudiciares en matière civile ou commerciale, signée à La Hage, le 15 Novembre 1965.*

**(article 5, fourth paragraph)**
*(article 5, alinéa 4)*

| | |
|---|---|
| **Name and address of the requesting authority:** | **L. Celeste Ingalls** |
| *Nom et adresse de l'autorité requérante:* | **Crowe Foreign Services** |
| | **1020 SW Taylor Street, Suite 240** |
| | **Portland, Oregon, USA 97205** |

**Particulars of the parties\*:**   **Glu Mobile Inc.** ................................................................................................... **PLAINTIFF**
*Indentité des parties:*   **Reworks Oy** ........................................................................................................ **DEFENDANT**

## JUDICIAL DOCUMENT\*\*
*ACTE JUDICIAIRE*

**Nature and purpose of the document:**   **To give notice to defendant, Reworks Oy, of the claim against it for**
*Nature et objet de l'acte:*   **damages and to summon it to answer the claim.**

**Nature and purpose of the proceedings, and, where appropriate, the amount in dispute:**
*Nature et objet de l' instance, le cas échéant, le montant du litige:*

**Civil claim for patent infringement and related actions. Plaintiff's claims include, but are not limited to, allegations that defendant has directly infringed and continues to infringe upon the Plaintiff's registered United States Patent, causing Plaintiff to suffer damages. Plaintiff seeks judgment confirming that Defendant has infringed upon Plaintiff's Patent, permanent injunction against Defendant from further infringement, damages in an amount to be determined, interest, costs of suit, attorney's fees, and such other and further relief as the Court deems just and proper.**

**Date and place for entering appearance\*\*:**   **N/A**
*Date et lieu de la comparution:*

**Court which has given judgment\*\*:**   **N/A**
*Juridiction qui a rendu la décision:*

**Date of judgment\*\*:**   **N/A**
*Date de la décision:*

**Time limits stated in the document\*\*:**
*Indication des délias figurant dans l'acte:*   **Defendant is required to serve an ANSWER upon Plaintiff's attorney and file same ANSWER with the Court within twenty-one (21) days after having received the Summons and other documents herein.**

## EXTRAJUDICIAL DOCUMENT\*
*ACTE EXTRAJUDICIAIRE*

**Nature and purpose of the document:**   **N/A**
*Nature et objet de l'acte:*

**Time limits stated in the document\*\*:**   **N/A**
*Indication des délias figurant dans l'acte:*

**\* If appropriate, identity and address of the person interested in the transmission of the document.**
   *S'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte.*

**\*\* Delete if inappropriate.**
   *Rayer les mentions inutiles.*

**YHTEENVETO TIEDOKSI ANNETTAVASTA ASIAKIRJASTA**
**SIVU 2/2**
**SUMMARY OF THE DOCUMENT TO BE SERVED**
**PAGE 2 OF 2**

*15.11.1965 Haagissa allekirjoitettu oikeudenkäynti- ja muiden asiakirjojen tiedoksiantoa siviili- ja kauppaoikeudellisissa asioissa*
*koskeva yleissopimus*
*(5. artikla, neljäs kappale)*
*Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters,*
*signed at The Hague, the 15th of November 1965*
*(Article 5, fourth paragraph)*

**Vastaanottajan /** -- henkilöllisyys **ja osoite:**
Identity **and address** of the **addressee /** --:

---

**Reworks Oy**
**Runeberginkatu 5**
**00100 Helsinki, Finland**

---

*TÄRKEÄÄ*

*LIITTEENÄ OLEVA ASIAKIRJA ON LAILLINEN JA SE VOI VAIKUTTAA OIKEUKSIIN JA*
*VELVOLLISUUKSIIN. TIEDOKSI ANNETTAVAN ASIAKIRJAN YHTEENVEDOSSA ON TIETOA*
*ASIAKIRJAN LUONTEESTA JA TARKOITUKSESTA. SINUN PITÄISI KUITENKIN LUKEA ITSE*
*ASIAKIRJA HUOLELLISESTI. VOI OLLA TARPEEN ETSIÄ LAILLISTA APUA*

*MIKÄLI TALOUDELLISET VARASI OVAT RIITTÄMÄTTÖMÄT, SINUN PITÄISI ETSIÄ TIETOA*
*LAILLISEN AVUN TAI NEUVON SAAMISESTA JOKO MAASSA, JOSSA ASUT, TAI MAASSA, JOSSA*
*ASIAKIRJA JULKAISTIIN.*

*TIEDUSTELUT SAATAVILLA OLEVASTA LAILLISESTA AVUSTA TAI NEUVOSTA MAASSA; JOSSA*
*ASIAKIRJA JULKAISTIIN, VOIDAAN SUUNNATA:*

State Bar of Texas, Lawyer Referral
Texas Law Center
1414 Colorado Street
Austin, Texas 78701
Telephone: 512-427-1463

*IMPORTANT*

*THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND*
*OBLIGATIONS.   THE 'SUMMARY OF THE DOCUMENT TO BE SERVED' WILL GIVE YOU SOME*
*INFORMATION ABOUT ITS NATURE AND PURPOSE.   YOU SHOULD, HOWEVER, READ THE*
*DOCUMENT ITSELF CAREFULLY.   IT MAY BE NECESSARY TO SEEK LEGAL ADVICE*
*IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT, YOU SHOULD SEEK INFORMATION*
*ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY*
*WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.*
*ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE*
*THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:*

State Bar of Texas, Lawyer Referral
Texas Law Center
1414 Colorado Street
Austin, Texas 78701
Telephone: 512-427-1463

Tapaus 6:20-cv-01157-ADA Asiakirja 7 kirjattu 28.12.20 Sivu 1 / 2

AO 440 (versio 06/12) Haasteet siviilikanteessa

# YHDYSVALTAIN ALUETUOMIOISTUIN

## LÄNTINEN TEXASIN ALUE

**GLU MOBILE INC.,**
*Kantaja,*

V.                                                    **Siviilikanne Nro 6:20-CV-01157-ADA**

**REWORKS OY,**
*Vastaaja*

### HAASTEET SIVIILIKANTEESSA

VASTAANOTTAJA:     **Reworks Oy**
   **Huom.: Rekisteröity edustaja/yritystoimihenkilö**
   **Runeberginkatu 5**
   **00100 Helsinki, Finland**

Teitä vastaan on nostettu kanne oikeudessa.

21 päivän kuluessa tämän haasteen toimittamisesta teille (pois lukien päivä, jolloin vastaanotitte sen) – tai 60 päivän kuluessa, mikäli olette Yhdysvallat tai Yhdysvaltain virasto tai Yhdysvaltain viraston toimisto tai työntekijä, jotka kuvataan sisällössä Fed. R. Civ. S. 12 (a)(2) tai (3) – teidän on toimitettava vastaus kantajalle oheisen kanteen tai liittovaltion siviiliprosessilain 12 §:n toimenpidemenetelmän mukaisesti. Vastaus tai esitys tulee toimittaa tiedoksi kantajalle tai kantajan asianajajalle, joiden nimet ja osoite ovat:

                    **Elizabeth M. Chiaviello**
                    **Morgan Lewis ja Boccius LLP**
                    **1000 Louisiana Street**
                    **Suite 4000**
                    **Houston, TX 77002**

Mikäli laiminlyötte vastauksen toimittamisen, tehdään teitä vastaan oletustuomio valituksessa vaaditun helpotuksen mukaisesti. Teidän on myös jätettävä vastauksenne tai esityksenne tuomioistuimelle.

                    *Leima:*
                    *YHDYSVALTAIN ALUETUOMIOISTUIN*
                    *LÄNTINEN TEXASIN ALUE*

**JEANNETTE J. CLACK**
TUOMIOISTUIMEN VIRKAILIJA
**s/MELISSA COPP**
VARAVIRKAILIJA

                              **JULKAISTU 2020-12-28 09:48:25**

## YHDYSVALTAIN PIIRIOIKEUDESSA
## LÄNTISELLE PIIRILLE TEKSASISSA WACON
## JAOSTOON

| | | |
|---|---|---|
| **GLU MOBILE INC.,** | § | |
| | § | |
| **Kantaja,** | § | |
| | § | |
| v. | § | **Siviilikanne Nro 6:20-cv-01157** |
| | § | |
| **REWORKS OY,** | § | |
| | § | **VAADITAAN OIKEUDENKÄYNTI** |
| | § | **VALAMIEHISTÖLLÄ** |
| **Vastaaja.** | § | |
| | § | |

### KANTAJAN GLU INCORPORATED
### PATENTTIRIKKOMUSTA KOSKEVA VALITUS

Kantaja Glu Mobile Inc:n ("Glu") tekee tämän valituksen allekirjoittaneiden asianajajien toimesta ja välityksellä koskien patenttiloukkausta Reworks Oy:tä vastaan ("Reworks") ja väittää seuraavaa:

### TOIMENPITEEN LUONNE

1.      Tällä toimenpiteellä pyritään saamaan aikaan oikeudellinen ja tasapuolinen helpotus Reworksin laittomille rikkomuksille koskien Glu:n Yhdysvaltain patenttia nro 10,504,297 ("297-patentti"), joka liittyy yleisesti järjestelmiin ja menetelmiin, joiden avulla kilpailutilanne saadaan vietyä päätökseen sovelluksessa, kuten mobiilisovellus.

### OSAPUOLET

2.      Glu Mobile Inc. On Delaware-yhtiö, jonka päätoimipaikka on osoitteessa 875 Howard Street, Suite 100, San Francisco, CA 94103.

3.      Reworks Oy on suomalainen yritys, jonka pääkonttori on osoitteessa Runeberginkatu 5, 00100 Helsinki.

Tapaus 6:20-cv-01157 Asiakirja 1 kirjattu 17.12.20 Sivu 2 / 15

## TOIMIVALTA JA TAPAHTUMAPAIKKA

4. Tämä on siviilikanne, joka perustuu Yhdysvaltain patenttilakeihin, 35 U.S.C. § 1 *etseq.*, mukaan lukien, mutta ei rajoittuen, 35 U.S.C. §§ 271 ja 281. Tuomioistuin on toimivaltainen 28 U.S.C §§ 1331 ja 1338 nojalla.

5. Tuomioistuimella on henkilökohtainen toimivalta Reworksin osalta, koska (1) Reworks on harjoittanut ja harjoittaa edelleen liiketoimintaa Texasissa ja Texasin läntisessä piirikunnassa, sekä (2) Reworks on tehnyt ja edelleen tekee patenttiloukkauksia Teksasin osavaltiossa, mukaan lukien syytteenalaisten tuotteiden valmistus, käyttö, tarjoaminen myyntiin ja/tai myynti Teksasin läntisessä piirikunnassa, aiheuttaen muiden syyllistyvän patenttiloukkauksiin Teksasissa, ja/tai tuottaen ainakin osan muusta tässä väitetystä rikkomuksesta ja (3) Reworks on käynyt kauppaa Teksasin osavaltiossa, suorittanut liiketoimintaa Texasin osavaltiossa, ja/tai pyrkinyt tuottamaan taloudellisia hyvityksiä Texasin osavaltion asukkailta sekä tämän piirikunnan asukkailta, mukaan lukien etuudet, jotka liittyvät suoraan '297-patentin loukkaukseen. Henkilökohtaisen toimivallan harjoittaminen Reworksiä koskien vaikeuttaa tässä oikeusjutussa noudattaa asianmukaista prosessia ja perinteisiä reilun pelin ja merkittävän oikeudenmukaisuuden käsitteitä.

6. Tapahtumapaikka on asianmukainen tässä tuomioistuimessa 28 U.S.C. § 1391(c)(3) nojalla, koska Reworks ei ole residentti Yhdysvalloissa, jolloin se voidaan haastaa oikeuteen millä tahansa Yhdysvaltain oikeusalueella, mukaan lukien tämä piirikunta. Tapahtumapaikka on myös asianmukainen 28 U.S.C. § 1391(b)(2) nojalla, koska Reworks myy ja tarjoaa tuotteiden ja palveluiden myyntiä kaikkialla Yhdysvalloissa mukaan lukien tämä alue, sekä esittelee tuotteita ja palveluja kaupalliselle virtaukselle tietäen, että tuotteet ja palvelut myydään tässä piirikunnassa ja muualla Yhdysvalloissa.

## FAKTAT

7.       Glu on mobiilipelien johtava kehittäjä ja julkaisija. Glu:n historia käsittää melkein kaksi vuosikymmentä tehtävänään edistää luovuutta ja tarjota pelaajille maailmanluokan vuorovaikutteisia kokemuksia.

8.       Vuonna 2001 perustetussa Glu:n monipuolisessa tuotevalikoimassa on huippuluokan palkittuja alkuperäisiä ja lisensoituja IP-pelejä, kuten Design Home, luonteeltaan rentouttava ja mukaansatempaava peli, jonka avulla pelaajat voivat elää sisustussuunnittelijan elämää mukavasti kotoaan tai matkoilla.

9.       Design Home -pelaajat kehittävät sisustustaitojaan päivittäisissä Design Challenges -haasteissa, joiden avulla pelaajat voivat muotoilla visuaalisesti upeita 3D-tiloja. Pelaajat parantavat suunnittelutaitojaan ja voivat saada inspiraatiota, jota voivat soveltaa todellisiin suunnitteluhankkeisiinsa.

10.       Glu on käyttänyt paljon aikaa, vaivaa ja resursseja Design Homen takana olevan tekniikan ja pelin kehittämiseen ja kampanjointiin. Glu on jättänyt useita patenttihakemuksia kyseisen teknologian osalta, mukaan lukien hakemuksen, jonka tuloksena syntyi '297-patentti.

### Oikeustapaukseen liittyvien patenttien myöntäminen ja omistus

11.       Yhdysvalloissa, 10. joulukuuta 2019 patenttivirasto julkaisi asianmukaisesti ja laillisesti yhdysvaltalaisen patentin nro 10,504,297, nimeltään "Systems and Methods for Competitive Scene Completion in an Application". Siinä luetellaan keksijät Scott Cuthbertson, Barlow Gilmore, Martin Robaszewski, Brandon Jones, Jakub Fiedorowicz, Christianne Amodio, Ngan VU, Chris McGill, Chris Hosking, Jeff Tseng ja Jose Estuardo Avila. '297-patentin todellinen ja oikea kopio on liitteenä asiakirjassa 1.

12.       Kantaja Glu on '297 patentin omistaja ja valtuutettu taho ja omistaa kaikki oikeudet, omistusoikeuden ja kiinnostuksen '297 patenttiin mukaan lukien oikeuden nostaa kanne oikeudenloukkauksesta johtuen.

## SYY TOIMENPITEELLE

### '297 Patenttiin liittyvä patenttioikeudenloukkaus

13.      Glu sisällyttää viitteenä ja toteaa uudelleen valituksessaan kohdat 1-12, tässä täysin esitetyllä tavalla.

14.      Glu omistaa kaikki oikeudet, omistusoikeuden ja kiinnostuksen kohteen '297 patentin suhteen.

15.      '297-patentin omistajana Glu on valtuutettu ja omistaa oikeuden nostaa kanteen kaikkien '297-patentista johtuvien oikeuksien täytäntöönpanemiseksi.

16.      '297-patentin oletetaan olevan voimassa 35 U.S.C. § 282 nojalla.

17.      Reworks ei saa tehdä, käyttää, myydä, tarjota myyntiin tai tuoda mitään tuotetta tai palvelua, joka kuuluu '297-patentin vaatimusten piiriin.

18.      Tiedon ja uskomuksen osalta Reworks omistaa, käyttää, mainostaa ja/tai hallitsee sivustoa https://reworks.fi/, jonka välityksellä Reworks mainostaa, myy, tarjoaa myytäväksi ja toimittaa asiakkailleen tuotteitaan ja palvelujaan, ja/tai kouluttaa asiakkaita tuotteistaan ja palveluistaan, mukaan lukien, mutta ei rajoittuen Reworksin Redecor-mobiilipelisovellukseen ("syytetty tuote").

19.      Koskien tietoa ja uskoa, Reworksin syytetyn tuotteen kehittäminen ja julkaisu tehtiin tarkoituksella käydä kauppaa Glun Design Home -pelin markkinoilla kehittämällä liikearvolla ja kiinnostuksella. Reworksin perustajan sanottiin kertovan, että "Glu Mobile on ollut luokan yksinäinen ratsastaja" ja että "tietäen kodin sisustuksen maailmanlaajuisen suosion, uskomme, että seuraavan sukupolven kodin sisustuksen pelille on kysyntää. Juuri siinä Redecor

4

tuottaa iskunsa."[1] Lisäksi Reworksin verkkosivusto väitti aiemmin, pystyvänsä "tuottamaan [] \$1,5 m[iljoonaa] rahoituksessa ... haastaen Glu Mobilen Design Home -pelin."[2]

     20.    Tietojen ja uskon osalta, Reworks on loukannut ja jatkaa loukkaustaan ilman Glun toimittamaa lupaa tai lisenssiä kirjaimellisesti tai vastaavien oppien mukaisesti, tuottaa '297 patentin rikkomuksen 35 U.S.C. § 271, tekemällä, käyttämällä, myymällä, tarjoamalla myytäväksi tai maahantuomalla syytettyä tuotetta. Reworksin syytetty tuote on rikkonut ja rikkoo edelleen yhtä tai useampaa '297-patenttia, mukaan lukien ainakin Vaatimusta 1, joka on esitetty seuraavassa:

1. Menetelmä, johon kuuluu:

    asiakaslaite, jossa on näyttö, yksi tai useampi suoritin ja muisti:

        sovelluksessa, joka suoritetaan ensimmäiselle käyttäjälle yhdistetyssä asiakaslaitteessa:

            toimittaen ensimmäiselle käyttäjälle yhden tai useampia edullisia tuotteita, vastaten eri haasteita yhdessä tai useammassa haasteiden sarjassa, joista jokainen koostuu yhdestä tai useammasta haasteesta: (i) kuva vastaavasta alkunäkymästä ja (ii) itsenäinen ensimmäinen merkkien osa, jokainen merkki itsenäisessä ensimmäisessä osassa merkkejä, joilla on eri nimetyt koordinaatit kyseisessä näkymässä ja jotka vastaavat sisustusyksikön tyyppiä useissa eri sisustusyksikkötyypeissä;

            reagoi ensimmäisen edullisen nimikkeen valintaan yhdessä tai useammassa edullisessa nimikkeessä, näyttäen vastaavan alkunäkymän kuvan ja näyttäen päällekkäisyyden kuvalla ensimmäisen haasteen ensimmäiset merkitsimet yhdessä tai useammassa haasteessa, joka vastaavat ensimmäistä edullista nimikettä;

            kunkin perättäisen käyttäjän valitsema ensimmäinen käyttäjävalintojen moninaisuus kuvassa, vastaava merkitsin ensimmäisen haasteen ensimmäisessä merkitsimien joukossa, vastaava merkitsin, jolla on määritetyt koordinaatit kuvassa, ja suorittaa ensimmäisen toimenpiteen, joka sisältää:

                näyttää ensimmäisen useita kyseisiä merkitsimiä vastaavia virtuaalisia sisustusyksiköitä, joissa ensimmäinen sisustusyksiköiden lukumäärä koostuu yhden tai useamman myyjän toimittamien todellisten sisustusyksikköjen luovutuksista, ja

---

[1] https://web.archive.org/web/20200808032823/https://www.pocketgamer.biz/news/70149/helsinki-start-up-reworks-raises-15m-in-funding/ (viimeksi vieraillut 17. joulukuuta, 2020).

[2] https://web.archive.org/web/20200628053053/https://www.redecor.com/about (viimeksi vieraillut 17. joulukuuta, 2020).

jossa ensimmäiseen sisustusyksikköön kuuluu i) yksi tai useampi ensimmäisen käyttäjän säilyttämä virtuaalinen sisustusyksikkö, joka vastaa kyseisen merkitsimen sisustusyksikön tyyppiä, ja ii) yksi tai useampi toinen virtuaalisisustusyksikkö, jota ensimmäinen käyttäjä ei ole säilyttänyt ja joka vastaa sisustusyksikköä kyseisen merkitsimen yksikkötyyppiä, jossa lisämerkintä koostuu siitä, että näytöstä poistetaan sellaiset virtuaaliset sisustuslaitteet, jotka eivät vastaa kyseisen merkitsimen sisustusyksikön tyyppiä;

vastaanottaa käyttäjän valinnan valitusta virtuaalisesta sisustusyksiköstä ensimmäisessä virtuaalisten sisustusyksikköjen moninaisuudessa; ja

vastaa käyttäjän valintaa, i) näyttää valitun virtuaalisen sisustusyksikön kolmiulotteisen kuvan erillisessä nimetyssä koordinaattijoukossa asianomaisessa aloitusnäkymässä ja (ii) poistaa vastaavan merkitsimen määritetystä koordinaattijoukosta, jossa ensimmäinen toimenpide täyttää vastaavan alkuperäisen näkymän ensimmäisellä moniulotteisella grafiikalla, mukaan lukien kunkin kolmiulotteisen grafiikan ensimmäisen moniarvoisuuden vastaavan kolmiulotteisen grafiikan vastaavan koordinaattijoukon, joka kuuluu eri merkitsimien ensimmäiseen riippumattomaan ensimmäiseen merkitsinalueeseen, luoden näin vastaavan korostetun näkymän;

käyttäjäprofiilin tallennus ensimmäiselle käyttäjälle, jossa käyttäjäprofiili koostuu i) kuvan indikoinnista vastaavassa ensimmäisessä haasteessa, ii) merkitsimien ensimmäisestä moninaisuudesta, iii) koordinaateista, jotka vastaavat kutakin ensimmäistä merkitsimien moninaisuutta, ja iv) kyseistä merkitsintä vastaava virtuaalisisustusyksikkö;

päätelmän mukaisesti, että merkitsimien moninaisuuden ensimmäinen ennalta määritetty osajoukko kussakin vastaavassa lähtökohtaisessa näkymässä on täytetty vastaavilla virtuaalisilla sisustusyksiköillä ja että sisustusyksiköihin perustuvan virtuaalivaluutan kriteerit täyttyvät käyttäjäprofiilia käytettäessä, jotta ensimmäinen käyttäjä voi lähettää vastaavan korostetun näkymän ja ensimmäisen kolmiulotteisen grafiikan moniarvoisuuden etäpalvelimelle;

vastaa korostetun näkymän lähettämiseen ensimmäisen moniulotteisen grafiikan avulla, i) viestimällä etäpalvelimelle tunnistamalla käyttäjien valitseman virtuaalisisustusyksiköt ensimmäistä haastetta varten ja ii) antamalla ensimmäiselle käyttäjälle ensimmäisen palkinnon;

vastaanotetaan etäpalvelimelta ensimmäinen yhteisön äänestys koskien lähetettyä korostettua näkymää, jossa on ensimmäinen kolmiulotteisen grafiikan moninaisuus; ja

ensimmäisen yhteisöäänestyksen ensimmäiselle käyttäjälle ilmoittaminen laajennetusta näkymästä ja kolmiulotteisen grafiikan ensimmäinen moninaisuus.

21.   Esim., syytetty tuote ohjelmoidaan suorittamaan toimenpidemenetelmä "asiakkaan näyttölaitteella, joka koostuu näytöstä tai useammasta suorittimesta ja muistista", "sovelluksessa, joka suoritetaan ensimmäiselle käyttäjälle yhdistetyssä asiakaslaitteessa", ainakin siksi, että syytetty tuote on mobiilipelisovellus, jota voi käyttää iOS- ja Android-laitteissa ja joka on saatavilla Apple App Storesta ja Google Playsta.

22.   Syytetty tuote on myös ohjelmoitu suorittamaan toimenpidemenetelmä, joka "tarjoaa ensimmäiselle käyttäjälle yhdellä tai useammalla edullisella nimikkeellä, jotka vastaavat eri haasteita yhdessä tai useammassa haastejoukossa", ainakin siksi, että syytetty tuote on ohjelmoitu tarjoamaan käyttäjälle haasteita vastaava edullinen tuote, Mukaan lukien yksilölliset haasteet, kuten "Keep Calm & Come to Bed" ja "Calypso's Terrace" haaste edullisesti.



23.   Kukin haasteista, jotka toimitetaan ensimmäiselle käyttäjälle, sisältää seuraavia: "(i) kuva vastaavasta ensimmäisestä näkymästä ja (ii) riippumaton ensimmäinen merkitsimien moninaisuus, kukin merkitsin ensimmäisessä itsenäisessä merkitsinryhmässä, jolla on eri koordinaatit asianomaisessa ensimmäisessä näkymässä ja joka vastaa sisustusyksikön tyyppiä eri sisustusyksikkötyypeissä." Syytetty tuote ohjelmoidaan edelleen "vastaamaan ensimmäistä edullista valintaa yhdessä tai useammassa edullisista valinnoista, näytä[] vastaavan lähtökohtaisen näkymän kuva ja näytä ylivetokuvana kuvan päällä



ensimmäinen useiden merkitsimien moninaisuus yhdessä tai useammassa haasteessa, jotka vastaavat ensimmäistä

7

edullista valintaa," ainakin siksi, että vastatessaan edullisen tuottaa valintaan, joka vastaa haastetta, kuten Calypso's Terrace, syytetty tuote näyttää kuvan lähtökohtaisesta näkymästä ja näyttää kuvassa päällekkäisenä kuvalla moninaisten merkitsimien kanssa, jotka vastaavat tätä haastetta.

24. Lisäksi "kutakin perättäistä käyttäjän valintaa varten ensimmäisestä useista käyttäjävalinnoista kuvassa, vastaavasta merkitsimestä ensimmäisen haasteen ensimmäisissä merkitsimissä, kullakin vastaavalla merkitsimellä on nimetty koordinaattisarja kuvassa", syytetty tuote "suorittaa ensimmäisen toimenpidemenetelmän, joka käsittää [] näyttäen ensimmäisen joukon vastaavaa merkitsintä vastaavia virtuaalisia kalustusyksiköitä, jolloin ensimmäinen joukko kalustusyksiköitä käsittää yhden tai useamman toimittajan toimittamien todellisten kalustusyksiköiden luovutukset, ja ensimmäinen joukko kalustusyksiköitä sisältää (i) yhden tai useamman ensimmäisen käyttäjän pitämän ensimmäisen virtuaalisen kalustoyksikön, joka vastaa kyseisen merkitsimen kalustoyksikköä, ja (ii) yhden tai useamman toisen virtuaalisen kalustoyksikön, jota ensimmäinen käyttäjä ei pidä ja jotka sopivat yhteen vastaavan



merkitsimen kalustoyksikkötyyppiin, jossa esitys käsittää lisäksi kaikkien virtuaalisten kalustoyksiköiden poistamisen näytöltä, jotka eivät sovi yhteen kyseisen merkinnän kalustoyksikön tyypin kanssa. " Esimerkiksi Calypso's Terrace -haasteessa "Eden Cotton Furniture" -merkin valitseva käyttäjä saa näkyviin useita Eden Cotton Furniture -kankaita eli erilaisia sisustusyksiköitä, mukaan lukien käyttäjän säilyttämät ja käyttäjän säilyttämättä jättämät yksiköt sekä kaikki virtuaaliset sisustuslaitteet, jotka eivät vastaa "Eden Cotton Furniture" -tyyppiä, eivät tule näytetyiksi.

25.    Kutakin perättäistä käyttäjän valintaa varten ensimmäisestä moninaisista käyttäjän valinnoista kuvassa, vastaavasta merkitsimestä ensimmäisen haasteen ensimmäisissä merkitsimissä, jolloin kyseisellä merkitsimellä on nimetty koordinaattisarja kuvassa, syytetty tuote suorittaa ensimmäisen menetelmän, joka käsittää lisäksi "vastaanotetun käyttäjävalinnan valitusta virtuaalisesta kalustoyksiköstä ensimmäisissä moninaisissa virtuaalisissa kalustoyksiköissä; ja vastauksena käyttäjän valintaan, (i) valitun virtuaalisen kalustoyksikön kolmiulotteisen graafisen esityksen osoittaminen eri nimettyihin koordinaattijoukkoihin kyseisen



lähtökohtaisen näkymän sisäpuolella ja (ii) poistamalla vastaava merkintä määritetyssä koordinaattijoukossa vastaavasta lähtökohtaisesta näkymästä. " Esimerkiksi Calypso's Terrace-haasteessa, Käyttäjä, joka valitsee "Eden Cotton Furniture" vastaavan sisustusyksikön, saa näkyviin kolmiulotteisen kuvan valitusta "Eden Cotton Furniture" -sisustusyksiköstä ja vastaavan merkitsimen kohdassa "Eden Cotton Furniture", joka on merkitty lähtökohtaisen näkymän nimellä "Calypso's Terrace" on jo poistettu, käyttäjän valittua "Eden Cotton Furniture" -sisustusyksikön.

26.    Syytetty tuote ohjelmoidaan edelleen siten, että "ensimmäisen toimenpiteen suorittaminen täyttää lähtökohtaisen näkymän moninaisella grafiikalla, mukaan lukien kunkin kolmiulotteisen grafiikan näyttäminen ensimmäisessä moninaisessa grafiikassa vastaavissa määritetyissä koordinaateissa, jotka kuuluvat eri merkitsimien ensimmäiseen itsenäiseen merkkialueeseen, ja näin luodaan vastaava korostettu näkymä." Esimerkiksi suorittamalla ensimmäisen vaiheen Calypso's Terrace -haasteessa, lähtökohtainen



9

näkymä on täytetty ensimmäisellä kolmiulotteisen grafiikan monialaisuudella, joka näkyy niiden vastaavissa määritetyissä koordinaateissa, jolloin korostettu kohtaus täyttää ensimmäisen toimenpiteen suorituskyvyn.

    27.    Syytetty tuote on edelleen ohjelmoitu "tallentamaan käyttäjäprofiili ensimmäiselle käyttäjälle, jossa käyttäjäprofiili sisältää (i) kuvan indikaation vastaavasta lähtökohtaisesta näkymästä ensimmäistä haastetta varten, (ii) merkitsimien ensimmäisen moninaisuuden, (iii) koordinaatit, jotka vastaavat kutakin merkitsimien ensimmäistä moninaisuutta, ja (iv) valittua virtuaalista sisustusyksikköä, joka vastaa kyseistä merkitsintä." Esimerkiksi "Calypso's Terrance" -haasteen jälkeen, käyttäjän profiili päivitetään niin, että se sisältää täyden näkymän kuvan ilmaisun, mukaan lukien käyttäjän valitsemat virtuaalisisustusyksiköt, jotka sijoitetaan koordinaatteihin, jotka vastaavat Calypso's Terrance -haasteen



lähtökohtaisessa näkymässä näytettävien merkkien määrää.

    28.    Syytetty tuote ohjelmoidaan lisäksi, "sen määrityksen mukaisesti, että lähtökohtaisen näkymän merkitsimien ensimmäisen moniarvoisuuden esimääritetty alajoukko on täytetty vastaavilla virtuaalisilla sisustusyksiköillä ja että sisustusyksiköihin perustuvan virtuaalivaluutan ehto täyttyy", jotta "käyttäjäprofiili on käytössä ja ensimmäinen käyttäjä

lähettää vastaavan korostetun näkymän ensimmäisillä kolmiulotteisten grafiikoiden moninaisuuksilla etäpalvelimelle" ja "reagoi vastaavan korostetun näkymän lähettämiseen ensimmäisellä joukolla kolmiulotteista grafiikkaa", voidakseen "(i) kommunikoida etäpalvelimelle virtuaalisten kalustoyksiköiden käyttäjän valinnan tunnistamisen ensimmäistä haastetta varten ja (ii) tarjoten ensimmäiselle käyttäjälle ensimmäisen palkinnon. " Esimerkiksi Calypso's Terrace -haasteen jälkeen käyttäjä voi käyttää profiiliaan ja lähettää korotetun näkymän virtuaalipalvelimelle. Näin hän voi ilmoittaa käyttäjän valitseman virtuaalisisustusyksiköt Calypso's Terrace -haasteeseen ja palkita käyttäjää.



29. Syytetty tuote ohjelmoidaan edelleen "ottamaan vastaan etäpalvelimelta ensimmäinen yhteisön ääni lähetetystä laajennetusta kohtauksesta, jossa on ensimmäinen kolmiulotteisen grafiikan moninaisuus" ja "ilmoittamaan ensimmäiselle käyttäjälle ensimmäisestä yhteisön äänestyksestä, joka koskee lähetettyä korostetun näkymän kolmiulotteisen grafiikan moninaisuutta." Esimerkiksi Calypso's Terrace -haasteen jälkeen syytetty tuote saa yhteisön äänestystuloksen käyttäjän esittämästä korostetusta Calypso's Terrace -näkymästä ja käyttäjälle ilmoitetaan yhteisön äänestyksestä.



11

30.     Koskien tietoa ja uskoa Reworksillä on varsinaista tietämystä '297 patentista ja varsinaista tietämystä, että syytetyn tuotteen tekeminen, käyttäminen, myyminen tai tarjous myydä rikkoo suoraan '297 patenttia tai on tahallisesti sokaissut itsensä loukkaavan luontoisille toimilleen ja silti jatkaa loukkaavaa toimintaansa.

31.     Reworks ohjaa tai ohjeistaa muita suorittamaan tai toimittaa ohjeita tai opastusta muille näiden suoritusta varten, loukkaavin toimenpidemenetelmin syytetyn tuotteen kanssa.

32.     Reworks on tahallisesti aiheuttanut ja aiheuttaa edelleen yhden tai useamman '297-patenttia koskevan väitteen oikeuksien loukkaamisesta ja on osaltaan edistänyt ja edistää edelleen yhden tai useamman '297-patenttia koskevan patenttioikeuden loukkausta tällä alueella ja muualla Yhdysvalloissa tahallisten toimiensa avulla, joilla on onnistuttu muun muassa rohkaisemaan, opastamaan ja mahdollistamaan sekä muuten aiheuttamaan Reworksin asiakkaiden ja pelaajien käyttämään syytettyä tuotetta loukkaavalla tavalla, eikä heillä ole merkittäviä vaihtoehtoja, jotka toimivat oikeuksia loukkaamattomasti.

33.     Vaikka tietämyksestä koskien '297 patenttia, perustuen tietoihin ja uskoon, Reworksin loukkaukset ovat olleet ja tulevat olemaan tahallisia, tarkoituksellisia ja aiottuja '297 patentin oikeuksien loukkauksien osalta. Lisäksi Reworks kannustaa, ohjeistaa, mahdollistaa ja muutoin aiheuttavat asiakkaidensa käyttävän syytettyä tuotetta tavalla, joka rikkoo '297-patenttia vastaan.

34.     Tietojen ja uskomusten osalta Reworks aikoo erityisesti asiakkaidensa käyttävän tuotteitaan ja palveluitaan tavalla, joka rikkoo '297 patenttia tarjoamalla ja tukemalla syytettyä tuotetta ja opastamalla asiakkaitaan käyttämään syytettyä tuotetta loukkaavien toimintamenetelmien suorittamiseksi, joiden osalta ei ole olemassa merkittävää vaihtoehtoa, jossa ei rikota oikeuksia.

35.     Reworksin '297-patentin loukkausten seuraamuksena Glu on kärsinyt ja kärsii edelleen korjaamatonta vahinkoa, johon ei ole olemassa riittäviä oikeuskeinoja, ellei Reworks

12

tule pysyvästi määrätyksi tämän tuomioistuimen toimesta. Lisäksi yleisen edun hyväksi olisi tehtävä kieltopäätös.

36.      Glu on kärsinyt ja kärsii edelleen vahingonkorvauksista, jotka on määrä päättää oikeudenkäynnissä. Lisäksi, johtuen Reworksin loukkausten tahallisesta ja haitallisesta luonteesta, Glu on oikeutettu sen todellisten vahinkojen kolminkertaistumiseen ja sillä on oikeus periä asianajopalkkionsa ja oikeudenkäyntikulunsa, jotka aiheutuvat tämän kanteen nostamisesta.

## VAATIMUS VALAMIEHISTÖÖN

37.      Liittovaltion riita-asioiden työjärjestyksen 38 artiklan (b) kohdan mukaisesti Glu pyytää oikeudenkäyntiä valamiehistöllä kaikissa asiasisällöissä.

## HARRAS PYYNTÖ

38.      Näistä syistä johtuen Glu pyytää tuomiota Reworksiä vastaan, joka sisältää seuraavan helpotuksen:

(A)      Tuomio, jonka mukaan Reworks on loukannut ja rikkoo '297 patenttia kirjaimellisesti ja/tai vastaavien oppien mukaisesti;

(B)      Pysyvä kieltomääräys, jonka mukaan Reworks, sen omistajat, tytäryhtiöt, toimihenkilöt, johtajat, edustajat, asiamiehet, toimihenkilöt, työntekijät, harjoittelijat ja kaikki henkilöt, jotka ovat aktiivisesti mukana tai osallistuvat sen toimintaan, eivät saa jatkaa '297-patentin rikkomista, mukaan lukien, mutta ei ainoastaan, loukkaamista 35 U.S.C. § 283:n mukaisesti;

(C)      Vahingonkorvaus, joka on riittävä korvaamaan Glu:lle Reworksin rikkomukset '297 patenttia vastaan 35 U.S.C. § 284 tehdyn loukkauksen mukaisesti;

(E)      Päätös siitä, että '297 patentin loukkaukset ovat olleet tahallisia ja aiottuja;

13

(F)    Päätös siitä, että tämä tapaus on "poikkeuksellinen" 35 U.S.C. § 285:n mukaan, joka oikeuttaa Glu:lle kohtuullisten asianajopalkkioiden ja syytteen nostamisesta aiheutuvien kustannusten korvauksen;

(G)    Kolminkertainen vahingonkorvaus, joka perustuu Reworksin rikkomisen tahallisuuteen ja aikomukselliseen luonteeseen;

(I)    Ennen tuomiota ja sen jälkeen laskettujen vahinkojen korko;

(J)    Kustannusten korvaaminen; ja

(K)    Tuomioistuin pitää kyseisen kaltaista muuta helpotusta kuten tätä sopivana, oikeudenmukaisena ja tarkoituksenmukaisena.

Tapaus 6:20-cv-01157 Asiakirja 1 kirjattu 17.12.20 Sivu 15 / 15

Päivämäärä: 17. joulukuuta, 2020                    Kunnioittavasti toimittanut,

                                                     */s/ Elizabeth M. Chiaviello*
                                                     Elizabeth M. Chiaviello
                                                     Osavaltion asianajajan numero 4088913
                                                     *Elizabeth.chiaviello@morganlewis.com*

                                                     **MORGAN, LEWIS & BOCKIUS LLP**
                                                     1000 Louisiana Street, Suite 4000
                                                     Houston, Texas 77002-5006
                                                     Puh. 713.890.5000
                                                     Faksi 713.890.5001

                                                     Michael J. Lyons
                                                     *(pro hac vice* odotuksessa)
                                                     Michael.lyons@morganlewis. com

                                                     Ehsun Forghany
                                                     *(pro hac vice* odotuksessa)
                                                     ehsun.forghany@morganlewis.com

                                                     **MORGAN, LEWIS & BOCKIUS LLP**
                                                     1400 Page Mill Road
                                                     Palo Alto, California 94304-1124
                                                     Puh. 650.843.4000
                                                     Faksi 650.843.4001

                                                     ***Asianajaja kantajan Blu Mobile Inc. puolesta.***

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

**GLU MOBILE INC. ,**
*Plaintiff*

V.                                                  Civil Action No. **6:20−CV−01157−ADA**

**REWORKS OY ,**
*Defendant*

### SUMMONS IN A CIVIL ACTION

TO:  Reworks Oy
     **Attn: Registered Agent/Corporate Officer**
     **Runeberginkatu 5**
     **00100 Helsinki, Finland**

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States Agency, or an office or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

        **Elizabeth M. Chiaviello**
        **Morgan Lewis and Bockius LLP**
        **1000 Louisiana Street**
        **Suite 4000**
        **Houston, TX 77002**

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**JEANNETTE J. CLACK**

CLERK OF COURT

**s/MELISSA COPP**

DEPUTY CLERK



**ISSUED ON 2020−12−28 09:48:25**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **GLU MOBILE INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 6:20-cv-01157** |
| | § | |
| **REWORKS OY,** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § | |
| | § | |

**PLAINTIFF GLU INCORPORATED'S
COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Glu Mobile Inc. ("Glu"), by and through its undersigned attorneys, files this Complaint for Patent Infringement against Reworks Oy ("Reworks"), and alleges as follows:

**NATURE OF THE ACTION**

1.      This action seeks legal and equitable relief against Reworks' unlawful infringement of Glu's United States Patent No. 10,504,297 (the "'297 Patent") which generally relates to systems and methods for providing competitive scene completion in an application, such as a mobile gaming application.

**PARTIES**

2.      Glu Mobile Inc. is a Delaware corporation with its principal place of business at 875 Howard Street, Suite 100, San Francisco, CA 94103.

3.      On information and belief, Reworks Oy is a Finnish corporation having a corporate headquarters at Runeberginkatu 5, 00100 Helsinki, Finland.

1

## **JURISDICTION AND VENUE**

4.      This is a civil action that arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 271 and 281. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

5.      The Court has personal jurisdiction over Reworks because, on information and belief, (1) Reworks has done and continues to do business in Texas and the Western District of Texas, and (2) Reworks has committed and continues to commit acts of patent infringement in the State of Texas, including making, using, offering to sell, and/or selling accused products in the Western District of Texas, inducing others to commit acts of patent infringement in Texas, and/or committing at least a portion of any other infringement alleged herein, and (3) Reworks has solicited business in the State of Texas, transacted business within the State of Texas, and/or attempted to derive financial remuneration from residents of the State of Texas and the residents of this District, including benefits directly related to infringement of the '297 Patent. Exercising personal jurisdiction over Reworks in this lawsuit comports with due process and traditional notions of fair play and substantial justice.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c)(3) because Reworks is not resident in the United States and thus may be sued in any judicial district in the United States, including this District. Venue is also proper under 28 U.S.C. § 1391(b)(2) because Reworks sells and offers to sell products and services throughout the United States, including in this District, and introduces products and services into the stream of commerce knowing that the products and services would be sold in this District and elsewhere in the United States.

## FACTS

7.      Glu is a leading developer and publisher of mobile games.  With a history spanning almost two decades, Glu's mission is rooted in fostering creativity to deliver world-class interactive experiences for its players.

8.      Founded in 2001, Glu's diverse portfolio features top-grossing and award-winning original and licensed IP titles, including Design Home—a relaxing and engaging game that allows players to live the life of an interior decorator from the comfort of home or on the go.

9.      Design Home players sharpen their decorating skills through daily Design Challenges that allow players to style visually stunning 3D spaces.  Players improve their design skills and can gain inspiration that they can apply to their real life design projects.

10.     Glu has devoted substantial time, effort, and resources to the development and promotion of the technology and gameplay behind Design Home.  Glu has filed multiple patent applications directed to that technology, including the application that resulted in the '297 Patent.

### The Issuance and Ownership of the Patents-in-Suit

11.     On December 10, 2019, U.S. Patent No. 10,504,297, titled "Systems and Methods for Competitive Scene Completion in an Application" was duly and legally issued by the U.S. Patent and Trademark Office, listing inventors Scott Cuthbertson, Barlow Gilmore, Martin Robaszewski, Brandon Jones, Jakub Fiedorowicz, Christianne Amodio, Ngan Vu, Chris McGill, Chris Hosking, Jeff Tseng, and Jose Estuardo Avila.  A true and correct copy of the '297 Patent is attached hereto as Exhibit 1.

12.     Plaintiff Glu is the owner and assignee of the '297 Patent and possesses all rights, title, and interest in the '297 Patent including the right to sue for infringement.

3

## CAUSE OF ACTION

### Patent Infringement of the '297 Patent

13.     Glu incorporates by reference and realleges Paragraphs 1-12 of its Complaint, as though fully set forth herein.

14.     Glu is the owner of all right, title, and interest in and to the '297 Patent.

15.     As the owner of the '297 Patent, Glu is authorized and has standing to bring legal action to enforce all rights arising under the '297 Patent.

16.     The '297 Patent is presumed valid pursuant to 35 U.S.C. § 282.

17.     Reworks is not authorized to make, use, sell, offer to sell, or import any product or service that is covered by the claims of the '297 Patent.

18.     On information and belief, Reworks owns, operates, advertises, and/or controls the website https://reworks.fi/, through which Reworks advertises, sells, offers to sell, and provides, and/or educates customers about its products and services, including but not limited to Reworks' Redecor mobile game application (the "Accused Product").

19.     On information and belief, Reworks' development and launch of the Accused Product was done with the purpose of trading off of the goodwill and interest developed by Glu's Design Home game in the marketplace. Reworks' founder was quoted as stating that "Glu Mobile has been the category's lonely rider" and that "[k]nowing the global popularity of home decor, we believe there is demand for a next-generation home decor game. That's exactly where Redecor

4

will strike."[1]  Furthermore, Reworks' website previously touted that it was able to "raise[] $1.5 m[illion] in funding . . . to challenge Glu Mobile's Design Home."[2]

20.     On information and belief, Reworks, without authorization or license from Glu, has infringed and will continue to infringe, either literally or under the doctrine of equivalents, claims of the '297 Patent in violation of 35 U.S.C. § 271, by making, using, selling, offering to sell, or imports the Accused Product.  Reworks' Accused Product has infringed and continues to infringe, one or more claims of the '297 Patent, including at least Claim 1, reproduced below:

1. A method, comprising:

   at a client device comprising a display, one or more processors and memory:

   in an application running on the client device associated with a first user:

   providing the first user with one or more affordances, each affordance in the one or more affordances corresponding to a different respective challenge in a set of one or more challenges, each challenge in the set of one or more challenges comprising: (i) an image of a respective initial scene and (ii) an independent first plurality of markers, each marker in the independent first plurality of markers having a different designated set of coordinates within the respective scene and corresponding to a furnishing unit type within a plurality of furnishing unit types;

   responsive to selection of a first affordance in the one or more affordances, displaying the image of the respective initial scene and displaying as an overlay on the image the first plurality of markers of a first challenge in the one or more challenges that corresponds to the first affordance;

   for each sequential user selection of a first plurality of user selections on the image, of a respective marker in the first plurality of markers of the first challenge, the respective marker having a designated set of coordinates on the image, performing a first procedure that comprises:

   displaying a first plurality of virtual furnishing units corresponding to the respective marker, wherein the first plurality of furnishing units comprises renditions of actual furnishing units provided by one or more vendors, and

---

[1]https://web.archive.org/web/20200808032823/https://www.pocketgamer.biz/news/70149/helsin ki-start-up-reworks-raises-15m-in-funding/ (last visited Dec. 17, 2020).
[2]https://web.archive.org/web/20200628053053/https://www.redecor.com/about (last visited Dec. 17, 2020).

wherein the first plurality of furnishing units includes (i) one or more first virtual furnishing units retained by the first user that match the furnishing unit type of the respective marker and (ii) one or more second virtual furnishing units not retained by the first user that match the furnishing unit type of the respective marker, wherein the displaying further comprises removing from display any virtual furnishing units that do not match the furnishing unit type of the respective marker;

receiving a user selection of a selected virtual furnishing unit in the first plurality of virtual furnishing units; and

responsive to the user selection, (i) displaying a three-dimensional graphic of the selected virtual furnishing unit at the different designated set of coordinates within the respective initial scene and (ii) removing the respective marker at the designated set of coordinates from the respective scene, wherein the performing the first procedure populates the respective initial scene with a first plurality of three-dimensional graphics, including displaying each respective three-dimensional graphic in the first plurality of three-dimensional graphics at the corresponding designated set of coordinates belonging to a different marker in the independent first plurality of markers, thereby creating a respective augmented scene;

storing a user profile for the first user, wherein the user profile comprises (i) an indication of the image of the respective initial scene for the first challenge, (ii) the first plurality of markers, (iii) the coordinates corresponding to each of the first plurality of markers, and (iv) the selected virtual furnishing unit corresponding to the respective marker;

in accordance with a determination that a predefined subset of the first plurality of markers within the respective initial scene has been populated with respective virtual furnishing units and that a criterion provided with a virtual currency based on furnishing units is satisfied, using the user profile to enable the first user to submit the respective augmented scene with the first plurality of three-dimensional graphics to a remote server;

responsive to submitting the respective augmented scene with the first plurality of three-dimensional graphics, (i) communicating to the remote server an identification of the user selection of virtual furnishing units for the first challenge and (ii) providing the first user a first reward;

receiving from the remote server a first community vote on the submitted respective augmented scene with the first plurality of three-dimensional graphics; and

notifying the first user of the first community vote on the submitted respective augmented scene with the first plurality of three-dimensional graphics.

6

21.     For example, the Accused Product is programmed to perform a method "at a client device comprising a display, one or more processors and memory" "in an application running on the client device associated with a first user," at least because the Accused Product is a mobile gaming application available for use on iOS and Android enabled devices and available through the Apple App Store and Google Play.

22.     The Accused Product is also programmed to perform a method that "provid[es] the first user with one or more affordances, each affordance in the one or more affordances corresponding to a different respective challenge in a set of one or more challenges," at least because the Accused Product is programmed to provide the user with a set of affordances corresponding to challenges, including individual challenges such as such as "Keep Calm & Come to Bed" and "Calypso's Terrace" challenge affordances.



23.     Each of the challenges provided to the first user in the set of one or more challenges comprises: "(i) an image of a respective initial scene and (ii) an independent first plurality of markers, each marker in the independent first plurality of markers having a different designated set of coordinates within the respective initial scene and corresponding to a furnishing unit type within a plurality of furnishing unit types." The Accused Product is further programmed to, "responsive to selection of a first affordance in the one or more affordances,



display[] the image of the respective initial scene and display as an overlay on the image the first plurality of markers of a first challenge in the one or more challenges that corresponds to the first

affordance," at least because, responsive to selection of an affordance corresponding to a challenge such as "Calypso's Terrace," the Accused Product will display the image of an initial scene and display as an overlay on the image a plurality of markers corresponding to that challenge.

24.     Further, "for each sequential user selection of a first plurality of user selections on the image, of a respective marker in the first plurality of markers of the first challenge, the respective marker having a designated set of coordinates on the image," the Accused Product "perform[s] a first procedure that comprises[] displaying a first plurality of virtual furnishing units corresponding to the respective marker, wherein the first plurality of furnishing units comprises renditions of actual furnishing units provided by one or more vendors, and wherein the first plurality of furnishing units includes (i) one or more first virtual furnishing units retained by the first user that match the furnishing unit type of the respective marker and (ii) one or more second virtual furnishing units not retained by the first user that match the furnishing unit type of the respective  marker, wherein the displaying further comprises removing from display any virtual furnishing units that do not match the furnishing unit type of the respective marker." For example, in the "Calypso's Terrace" challenge, a user selecting the "Eden Cotton Furniture" marker is displayed with a plurality of "Eden Cotton Furniture Fabrics," i.e. a plurality of furnishing units, including units retained by the user and not retained by the user, and any virtual furnishing units that do not match the "Eden Cotton Furniture" type are not displayed.

25.     For each sequential user selection of a first plurality of user selections on the image, of a respective marker in the first plurality of markers of the first challenge, the respective marker having a designated set of coordinates on the image, the Accused Product performs a first procedure that further comprises "receiving a user selection of a selected virtual furnishing unit in the first plurality of virtual furnishing units; and responsive to the user selection, (i) displaying a three-dimensional graphic of the selected virtual furnishing unit at the  different designated set of coordinates within the respective initial scene and (ii) removing the respective marker at the designated set of coordinates from the respective initial scene." For example, in the "Calypso's Terrace" challenge, a user selecting a furnishing unit corresponding to the "Eden Cotton Furniture" will be displayed a three-dimensional graphic of the selected "Eden Cotton Furniture" furnishing unit and the respective marker at the designated set of coordinates for the "Eden Cotton Furniture" designated marker from the "Calypso's Terrace" initial scene has already been removed when the user selected the "Eden Cotton Furniture" furnishing unit.

26.     The Accused Product is further programmed so that "performing the first procedure populates the respective initial scene with a first plurality of three-dimensional graphics, including displaying each respective three-dimensional graphic in the first plurality of three-dimensional graphics at the corresponding designated set of coordinates belonging to a different marker in the independent first plurality of markers, thereby creating a respective augmented scene." For example, by performing the first procedure in the "Calypso's Terrace" challenge, the initial 

9

scene is populated with a first plurality of three-dimensional graphics, displayed at their corresponding designated sets of coordinates, resulting in an augmented scene populated responsive to the performance of the first procedure.

27.     The Accused Product is further programmed to "stor[e] a user profile for the first user, wherein the user profile comprises (i) an indication of the image of the respective initial scene



for the first challenge, (ii) the first plurality of markers, (iii) the coordinates corresponding to each of the first plurality of markers, and (iv) the selected virtual furnishing unit corresponding to the respective marker." For example, after completing the "Calypso's Terrance" challenge, the user's profile is updated to include an indication of the image of the completed scene including the selected virtual furnishing units selected by the user and placed at the coordinates corresponding to the plurality of markers displayed for the initial scene of the "Calypso's Terrance" challenge.

28.     The Accused Product is further programmed, "in accordance with a determination that a predefined subset of the first plurality of markers within the respective initial scene has been populated with respective virtual furnishing units and that a criterion provided with a virtual currency based on furnishing units is satisfied," to "us[e] the user profile to enable the first user to

10

submit the respective augmented scene with the first plurality of three-dimensional graphics to a

remote server" and, "responsive to submitting the respective

augmented scene with the first plurality of three-dimensional

graphics," to "(i) communicat[e] to the remote server an

identification of the user selection of virtual furnishing units for

the first challenge and (ii) provid[e] the first user a first

reward."  For example, after completing the "Calypso's

Terrace" challenge, the user may use their profile to submit

their augmented scene to a virtual server to communicate an

identification of the user's selection of virtual furnishing units

for the "Calypso's Terrace" challenge and provide the user with

a reward.



29.     The Accused Product is further programmed to "receiv[e] from the remote server a

first community vote on the submitted respective augmented

scene with the first plurality of three-dimensional graphics"

and to "notify[] the first user of the first community vote on the

submitted respective augmented scene with the first plurality

of three-dimensional graphics."  For example, after voting for

the "Calypso's Terrace" challenge has completed, the Accused

Product receives the result of the community vote on the user's

submitted augmented "Calypso's Terrace" scene and the user

is notified of the community vote.



30.     On information and belief, Reworks has actual knowledge of the '297 Patent and actual knowledge that making, using, selling, or offering to sell the Accused Product constitutes direct infringement of the '297 Patent, or has willfully blinded itself to the infringing nature of its activities, and yet continues its infringing activities.

31.     Reworks directs or instructs others to perform, or provides instructions or guidance to others to perform, infringing methods using the Accused Product.

32.     Reworks has intentionally induced and continues to induce infringement of one or more claims of the '297 Patent, and has contributed and continues to contribute to others' infringement of one or more claims of the '297 Patent, in this District and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Reworks' customers and players to use the Accused Product in an infringing manner and that have no substantial non-infringing alternatives.

33.     Despite knowledge of the '297 Patent, based on information and belief, Reworks' infringement of the '297 Patent has been and will continue to be willful, deliberate, and intentional. Further, Reworks continues to willfully encourage, instruct, enable, and otherwise cause its customers to use its Accused Product in a manner that infringes the '297 Patent.

34.     On information and belief, Reworks specifically intends its customers to use its products and services in such a way that infringes the '297 Patent by providing and supporting the Accused Product and instructing its customers on how to use the Accused Product to perform infringing methods of operation, of which there is no substantial non-infringing alternative.

35.     As a result of Reworks' infringement of the '297 Patent, Glu has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law, unless Reworks

is permanently enjoined by this Court. Furthermore, the public interest would be served by issuance of an injunction.

36.    As a result of Reworks' infringing product and activities, Glu has suffered and will continue to suffer damages in an amount to be determined at trial. Additionally, as a result of the willful and deliberate nature of Reworks' infringing activities, Glu is entitled to a trebling of its actual damages and is entitled to recover its attorneys' fees and costs incurred in prosecuting this action.

## JURY DEMAND

37.    Pursuant to Federal Rule of Civil Procedure 38(b), Glu requests a trial by jury on all issues.

## PRAYER

38.    For these reasons, Glu asks for a judgment against Reworks that includes the following relief:

(A)    A judgment that Reworks has infringed and is infringing the '297 Patent literally and/or under the doctrine of equivalents;

(B)    A permanent injunction enjoining Reworks, its owners, affiliates, officers, directors, managers, agents, servants, employees, trainees, and all persons in active concert or participation with it, from continuing to infringe the '297 Patent, including, but not limited to, under 35 U.S.C. § 283;

(C)    An award of damages adequate to compensate Glu for Reworks' infringement of the '297 Patent under 35 U.S.C. § 284;

(E)    A determination that Reworks' infringement of the '297 Patent has been willful and deliberate;

13

(F)     A determination that this case is "exceptional" under 35 U.S.C. § 285, thereby entitling Glu to an award of its reasonable attorneys' fees and costs incurred in prosecuting this action;

(G)     An award of treble damages based on the willful and deliberate nature of Reworks' infringement;

(I)     An award of pre- and post-judgment interest on all damages computed;

(J)     An award of costs; and

(K)     Such other relief as this Court deems fair, just, and appropriate.

14

Dated: December 17, 2020

Respectfully submitted,

*/s/ Elizabeth M. Chiaviello*
Elizabeth M. Chiaviello
State Bar No. 4088913
*elizabeth.chiaviello@morganlewis.com*

**MORGAN, LEWIS & BOCKIUS LLP**
1000 Louisiana Street, Suite 4000
Houston, Texas 77002-5006
T. 713.890.5000
F. 713.890.5001

Michael J. Lyons
(*pro hac vice* pending)
michael.lyons@morganlewis.com

Ehsun Forghany
(*pro hac vice* pending)
ehsun.forghany@morganlewis.com

**MORGAN, LEWIS & BOCKIUS LLP**
1400 Page Mill Road
Palo Alto, California 94304-1124
T. 650.843.4000
F. 650.843.4001

***Attorneys for Plaintiff Glu Mobile Inc.***